UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-00176-LLK

SHERRY GREEN                                                                         PLAINTIFF

v.

CAROLYN COLVIN,                                                                      DEFENDANT
    Commissioner of Social Security

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The motion is at Docket Number (DN) 23, the Commissioner's response in opposition is at DN 24, and Plaintiff's reply is at DN 25. The parties have consented to the jurisdiction of the under signed Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.

Because the Commissioner's position was "substantially justified" as contemplated by 28 U.S.C. § 2412(d)(1)(A), notwithstanding the fact that Plaintiff eventually prevailed and obtained a judicial remand for further administrative proceedings, Plaintiff's motion is DENIED.

### Standards governing EAJA fee awards

To recover attorney fees under the EAJA, a plaintiff must satisfy three conditions: (1) she must be the "prevailing party"; (2) the United States' opposing position must have been without substantial justification; and (3) there must be no special circumstances that warrant denying relief. 28 U.S.C. § 2412(d)(1)(A); *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

Plaintiff was the prevailing party because she obtained a judicial remand for further administrative proceedings (DN 21). *Secretary v. Schaefer*, 509 U.S. 292, 301 (1993). The Commissioner does not contend that any special circumstances support denying EAJA relief. Accordingly, the sole issue

before the Court is whether the "position of the United States was substantially justified" as required by 28 U.S.C. § 2412(d)(1)(A).

The Commissioner's position may be substantially justified even if the district court rejects it. *DeLong*, supra, at 725-26. Remand alone is not a proper basis for allowance of an EAJA fee because a finding that denial of benefits was unsupported by substantial evidence is not tantamount to a determination that the Commissioner's position lacked substantial justification. *Id.*

The Commissioner bears the burden of proving that its position was substantially justified. *Id.*

In *Pierce v. Underwood*, 487 U.S. 552, 564 (1988), the Supreme Court recognized that the phrase "substantially justified" is ambiguous and that the word "substantial" has "two quite different – indeed, almost contrary – connotations." It can mean "considerable in amount" or "to a high degree," as in "He won the election by a substantial majority." It can also mean "in the main," for example, "What he said was substantially true." It is the latter definition that applies in the EAJA context:

> We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main" -- that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by ... the vast majority of other Courts of Appeals that have addressed this issue. See [inter alia] *Trident Marine Construction, Inc. v. District Engineer*, 766 F.2d 974, 980 (CA6 1985).... To be "substantially justified" means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve.
>
> *Id.* at 565-66.

### EAJA fee awards in Social Security cases

In the context of judicial review of final denial decisions by the Commissioner, a plaintiff is entitled to an EAJA award if she: 1) obtains either a judicial award of disability benefits or a remand for further administrative proceedings; and 2) in some sense, the Commissioner erred in opposing the plaintiff's position and defending against the complaint. Procedurally, the Commissioner declines to oppose the plaintiff's position if – after reviewing the plaintiff's complaint and fact and law summary –

she either agrees to a judicial award of benefits or moves for a voluntary remand for further administrative proceedings.[1]

### *DeLong v. Commissioner*

Although not cited by the parties, a recent, published Sixth Circuit case provided some guidance as to the determination of whether the Commissioner's position was "substantially justified" within the meaning of 28 U.S.C. § 2412(d)(1)(A). *DeLong v. Commissioner*, 748 F.3d 723 (6th Cir. 2014).

*DeLong* found that the district court did not abuse its discretion in finding that the Commissioner's position was substantially justified. Because the basis for remand in *DeLong* and this case are similar, the Court will exercise its discretion to find that the Commissioner's position was substantially justified.

The remand in *DeLong* was due to the Commissioner's failure to identify "good reasons" as contemplated by 20 C.F.R. § 404.1527(c)(2) for declining to give controlling weight to the opinion of a treating physician. The cited regulation provides that a treating physician's opinion is generally entitled to controlling weight if well supported by objective medical evidence and not inconsistent with other substantial evidence in the administrative record. The regulation further provides that: "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."

Prior to *Wilson v. Commissioner*, 378 F.3d 541 (6th Cir.2004), reviewing courts typically went beyond the literal requirement that the "good reasons" be stated on the face of the ALJ's decision. Where no such good reasons were apparent, courts proceeded to determine whether the deficiency in the written decision was harmless error. The error was deemed harmless if, through suggestion by the Commissioner or on its own initiative, the courts could identify "good reasons" in the administrative record as a whole.

---

[1] The Court routinely grants the Commissioner's motions for voluntary remand if they are unopposed. See, most recently, *Smith v. Commissioner*, 1:14-CV-00005-JHM, DN 25.

*Wilson* held that this type of harmless-error analysis is inappropriate because Section 404.1527(c)(2) is a procedural regulation that bestows a quasi-substantive right upon claimants: "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Id.* at 544.

*DeLong* held that the Commissioner was substantially justified in defending against DeLong's complaint where remand was premised upon this particular "procedural" error. "Second, and more importantly, [denial of EAJA fees is appropriate because] remand on procedural grounds may result in yet another denial of benefits, and we might well sustain such a denial on appeal." *DeLong* at 727.

In summary, *DeLong* held that:

[A]n ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification. A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position. Thus, although remand on any ground theoretically may support an award of fees under the EAJA, such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification.
*DeLong* at 727.

**Application of *DeLong* to the facts of this case**

As in *DeLong*, the remand in this case can fairly be characterized as procedural, premised upon lack of adequate explanation, with no implied lack of substantial justification.

In remanding this case, the Court was troubled by the fact that, in evaluating Plaintiff's physical residual functional capacity (RFC), the ALJ gave great weight to the opinion of the non-examining state-agency program physician, Dr. Hernandez. The administrative record was unclear whether the state agency furnished Dr. Hernandez with all of the medical evidence he would have needed to arrive at a well-informed opinion.

The Court did not state and did not mean to imply that Dr. Hernandez was not, in fact, provided with the relevant medical evidence. It was simply unclear, and there was reason to believe that Dr. Hernandez may have signed off on a pre-prepared form given to him by a so-called single decisionmaker who worked for the state agency.[2]

If, upon remand, the Commissioner can clarify this matter and find that Dr. Hernandez' opinion, in fact, reflected his own independent medical judgment, the Court is satisfied that the Commissioner's ultimate finding of lack of disability is supported by substantial evidence.

Therefore, for reasons similar to those in *DeLong*, the Commissioner's position that the ALJ did not err in relying on Dr. Hernandez' opinion was substantially justified, and award of an EAJA fee is inappropriate.

**Alternative rationale for denial of Plaintiff's EAJA fee motion**

Alternatively, even if the remand in this case was insufficiently "procedural" and insufficiently grounded in a mere lack of "adequate explanation" as contemplated by *DeLong*, supra, to warrant denial of Plaintiff's EAJA fee motion, the motion must nevertheless be denied because Plaintiff's fact and law summary did not identify with specificity the one issue that resulted in remand in this case.

This Court has previously ruled that "[t]he government's litigation conduct was justified because Plaintiff did not explicitly make the claims that resulted in remand – either in her complaint or her fact and law summary." *Powell v. Commissioner*, 5:12-CV-00157, DN 43, p. 2. In evaluating a plaintiff's fact and law summary, it is unfair to require the Commissioner to decide whether to file a responsive pleading or move for a voluntary remand based upon claims that the Court may subsequently raise on its own motion or – as here – claims that the Court may construe as implicit in articulated claims.[3]

---

[2] The Court declines to re-hash the entire decision rationale in support of the remand. The Memorandum Opinion and Order in support of remand is at DN 21.

[3] The remand rationale in this case lay on the spectrum between *Powell* -- where the Court first raised the meritorious claim sua sponte and allowed the parties to brief the matter -- and remands in which the plaintiff explicitly articulated the meritorious claim. While Plaintiff argued, in general terms, that the ALJ erred in rejecting

**ORDER**

For the foregoing reasons, Plaintiff's s motion for attorney fees under the Equal Access to Justice Act (DN 23) is DENIED because the Commissioner's position was "substantially justified" as contemplated by 28 U.S.C. § 2412(d)(1)(A).  This is a final and appealable Order, and there is no just cause for delay.

---

the examining source opinion in favor of the opinion of the nonexamining source (Dr. Hernandez), Plaintiff did not explicitly contend that Dr. Hernandez' opinion was insubstantial because the record suggests that it may not have been based upon a review of the available medical records.